■ BENNIE LETO, an Infant, by His Father and Natural Guardian, SAL LETO, et al., Appellants, v STEVEN ISOLANO, Defendant, and 16 HURDS ROAD DEVELOPMENT CORP. et al., Respondents. [619 NYS2d 111] —In a negligence action to recover damages for personal injuries, etc., the plaintiffs appeal from a judgment of the Supreme Court, Kings County (Dowd, J.), entered November 20, 1992, which, upon a jury verdict, is against them and in favor of the defendants, dismissing the complaint.

Ordered that the judgment is affirmed, with costs to 16 Hurds Road Development Corp.

The plaintiffs Sal Leto and his son Bennie Leto commenced this action after 12-year-old Bennie was injured when a shot-

gun being loaded by 16-year-old William Isolano accidentally discharged. At the time of the accident, the boys were skeet shooting at a property in Clintonville owned by the defendant 16 Hurds Road Development Corp. After the jury returned a verdict finding that the property owner was not negligent, the plaintiffs moved to set aside the verdict as contrary to the weight of the evidence. The trial court denied the motion, and we affirm.

It is well settled that "a jury verdict in favor of the defendant should not be set aside unless 'the jury could not have reached the verdict on any fair interpretation of the evidence'" (Nicastro v Park, 113 AD2d 129, 134, quoting Delgado v Board of Educ., 65 AD2d 547, affd 48 NY2d 643). Moreover, particular deference has been accorded to jury verdicts in favor of defendants in tort cases (see, Nicastro v Park, supra, at 134).

The trial testimony established that at the time of the accident, the boys were being supervised by adult cousins of the Isolanos while their fathers and the corporate property owner's principal were indoors eating dinner. Various witnesses testified that when all of the adults had gone inside to eat, the guns had been taken into the house and secured, even though none of the witnesses recalled having done this himself. Also, there was evidence that shooting was a common activity on the property, and that the gun that caused Bennie's injuries belonged to William's father, who resided on the property, rather than the property owner or any of its principals. Accordingly, based on this evidence, the jury could have concluded that the plaintiffs failed to prove that the property owner breached a duty owed to them with regard to securing the guns.

We reject the plaintiffs' contention that the standard of care applicable to the property owner should have been strict liability (see, Mikula v Duliba, 94 AD2d 503, 507).

We have examined the plaintiffs' remaining contentions and find them to be without merit. Sullivan, J. P., Rosenblatt, Pizzuto and Altman, JJ., concur.